**FILED**

April 09, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____NM_____
DEPUTY

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **OSMAN IDIRS,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **NO. SA-26-CV-01405-OLG** |
| | § | |
| **RENALDO CASTRO** *et al.*, | § | |
| | § | |
| **Respondents.** | § | |

## ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Osman Idirs's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 1). Respondents have responded (Dkt. No. 8), and Petitioner has replied (Dkt. No. 9). For the reasons below, Petitioner's request for habeas relief will be granted.

## I.    BACKGROUND

Petitioner is a citizen of Eritrea who applied for admission to the United States at the Hidalgo, Texas Port of Entry on February 15, 2018, seeking asylum. (Dkt. No. 1 at 5; Dkt. No. 8 at 2; Dkt. No. 8-2 ¶ 4.) After he received a positive credible-fear determination, Petitioner was placed into full removal proceedings, which concluded in his being ordered removed to Eritrea— subject to the withholding protections granted to him under the Convention Against Torture (CAT). (Dkt. No. 8-2 ¶¶ 5–6.) Petitioner did not appeal the removal order, which became administratively final on July 5, 2018. (*Id.* ¶ 6; Dkt. No. 9 at 2.) That same day, he was released under an Order of Supervision (OSUP). (Dkt. No. 1 at 5; Dkt. No. 8-2 ¶ 7.)

Over the next seven and a half years, Petitioner complied with all conditions of his OSUP. (Dkt. No. 1 at 6.) On November 20, 2025, when Petitioner appeared for a routine check-in appointment, ICE revoked his OSUP and took him into custody for no apparent reason. (*Id.*; *see, e.g.*, Dkt. No. 8 at 2; Dkt. No. 8-2 ¶ 9.)

Petitioner now seeks a writ of habeas corpus compelling his release under *Zadvydas v. Davis*, 533 U.S. 678 (2001), asserting that his detention is unlawful because there is no significant likelihood of removal in the reasonably foreseeable future. (Dkt. No. 1 at 14–16.)[1]

## II.   DISCUSSION

"Once an alien is ordered removed, DHS must physically remove him from the United States within a 90-day 'removal period.'" *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021) (citing 8 U.S.C. § 1231(a)(1)(A)). During the 90-day removal period, detention is mandatory, *see id.* (citing 8 U.S.C. § 1231(a)(2)); however, "[u]pon expiration of the removal period, the Government may continue to detain certain aliens or release them under conditions of supervision," *Abuelhawa v. Noem*, 811 F. Supp. 3d 847, 855 (S.D. Tex. 2025) (citing 8 U.S.C. § 1231). "Although the statute does not specify a time limit on how long DHS may detain an alien in the post-removal period," post-removal detention may last no longer than what is "reasonably necessary to bring about the alien's removal." *Guzman Chavez*, 594 U.S. at 529 (quoting *Zadvydas*, 533 U.S. at 689). Recognizing that not all reasonably foreseeable removals can be accomplished within the three-month removal period, the Supreme Court has generally held that such detentions are "presumptively reasonable" for up to "six months." *Zadvydas*, 533 U.S. at 701. After that point, release is required if "there is no significant likelihood of removal in the reasonably foreseeable future." *Guzman Chavez*, 594 U.S. at 529 (citation omitted).

Here, Petitioner has been detained since November 20, 2025, or almost five months. (Dkt. No. 1 at 6; Dkt. No. 8 at 2.) Although Respondents have not argued that Petitioner's claim is premature (*see, e.g.*, Dkt. No. 8 at 1), "nothing in *Zadvydas* precludes a challenge to detention

---

[1]Although styled as two separate claims arising under the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment, both target the duration of Petitioner's post-removal-order detention. (*See* Dkt. No. 1 at 14–15 (relying on *Zadvydas* in support of both counts) (citing 533 U.S. at 690–91, 697); Dkt. No. 9 at 2–4.)

before the presumptive[] . . . period has elapsed," *Villanueva v. Tate*, No. CV-H-25-3364, 2025 WL 2774610, at *9 (S.D. Tex. Sept. 26, 2025). Even though roughly six weeks remain in the presumptive period, Petitioner has met his burden to prove that there is no significant likelihood of removal in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 701.

Because Petitioner's removal to Eritrea is subject to CAT withholding, he may not be removed to his country of origin. (*See* Dkt. No. 8-1 at 1.) "As a general matter, very few people subject to withholding of removal or CAT relief are removed from the United States." *Garcia-Aleman v. Thompson*, No. 25-CV-886-OLG-HJB, 2025 WL 3534806, at *5 (W.D. Tex. Nov. 24, 2025) (quoting *Puertas-Mendoza v. Bondi*, No. 25-CA-00890-XR, 2025 WL 3142089, at *2 (W.D. Tex. Oct. 22, 2025) (alterations omitted)), *report and recommendation adopted*, No. 25-CV-00886-OLG, 2025 WL 3532179 (W.D. Tex. Dec. 9, 2025). Petitioner submits that he has been subject to a final order of removal for almost eight years—time during which time Respondents either did not attempt to or were unable to locate a third country to which he could be removed—and Respondents have not identified any country to which they have even sent a request for acceptance of Petitioner. (Dkt. No. 9 at 3; *see* Dkt. No. 8-2 ¶¶ 11–13.) Nor have they provided any justification for the revocation of Petitioner's OSUP or his arrest. (*See* Dkt. No. 8-2 ¶ 9 ("[Petitioner] reported to ERO per OSUP requirements . . . [and] [a]t that time, ERO revoked [his OSUP] and took him into custody."); Dkt. No. 8 at 2 ("Petitioner was detained by [ICE] during a routine check-in.")).

Because Petitioner has demonstrated no significant likelihood of removal in the reasonably foreseeable future, the burden shifted to Respondents to prove that removal is likely. *See Zadvydas*, 533 U.S. at 701. To this point, Respondents merely assert that "given the high-level involvement between the Department of State and the Department of Homeland Security, ICE anticipates there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future." (Dkt. No. 8

3

at 5.) This, coupled with the ICE officer's similarly cursory statement that DHS "is actively working with its agency counterparts to secure third-country removal" (Dkt. No. 6-1 ¶ 24), is insufficient to carry Respondents' burden. *See Puertas-Mendoza*, 2025 WL 3142089, at *2 (noting that "foreign governments 'routinely deny' requests to receive people who lack a connection to the would-be receiving country" and granting habeas petition).

### III.   CONCLUSION

Based on the rareness of third-country removals, the period of over seven years between Petitioner's final removal order and his current detention, and the absence of any reason in the record for the revocation of Petitioner's OSUP, the Court finds that there is no significant likelihood of his removal in the reasonably foreseeable future. Accordingly, Petitioner Osman Idirs's Petition for Writ of Habeas Corpus (Dkt. No. 1) is **GRANTED IN PART** as follows:

1.      Respondents must release Petitioner Osman Idirs from custody, under conditions substantially similar to those contained in his prior OSUP, to a public place on or before **Monday, April 13, 2026**;

2.      Respondents must notify Petitioner's counsel of the exact location and time of Petitioner's release as soon as practicable and **at least two hours before release**; and

3.      Respondents must file a status report no later than **Wednesday, April 15, 2026**, confirming that Petitioner has been released under conditions of release no more restrictive than those in place before the detention at issue in this case.

The Petition is **DENIED IN PART** to the extent Petitioner seeks to recover attorney's fees under the Equal Access to Justice Act. *Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023) ("[T]he EAJA does not authorize attorney's fees for successful 28 U.S.C. § 2241 motions."), *cert. denied*, 144 S. Ct. 553 (2024).

4

This Order is a **FINAL JUDGMENT**, and the Clerk is directed to **CLOSE** this case upon its entry.

It is so **ORDERED**.

**SIGNED** on April _____, 2026.

ORLANDO L. GARCIA
United States District Judge